IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALBERT ALEGRIA, § | |
|     PETITIONER, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:07-CV-0130-Y |
| § | |
| NATHANIEL QUARTERMAN, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
|     RESPONDENT. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner Albert Alegria, TDCJ-ID #1170000, is in the custody of the Texas Department of Criminal Justice, Institutional Division, and confined at the Bridgeport Correctional Center, Bridgeport, Texas.

Respondent Quarterman is the Director of the Texas Department of Criminal Justice, Institutional Division.

C.     PROCEDURAL HISTORY

A jury found Alegria guilty in Cause Number 0805897R in the 371st Judicial District Court, Tarrant County, Texas, of possession of four grams or more of cocaine, with intent to deliver. (Clerk's R. 69). The trial court assessed a punishment of eighteen years' confinement. (Clerk's R. 75). The judgment was affirmed on direct appeal, and the Court of Criminal Appeals refused Alegria's petition for discretionary review. *Alegria v. State*, 02-03-187-CR (Tex. App.—Fort Worth May 14, 2004, pet. ref'd). Alegria has filed one state application for writ of habeas corpus challenging his conviction in Cause Number 0805897R,[1] which the Texas Court of Criminal Appeals denied without written order based on the findings of the trial court. *Ex parte Alegria*, No. 34,715-07 at cover (Tex. Crim. App. Feb. 14, 2007). Alegria filed his federal petition for writ of habeas corpus on February 23, 2007.[2]

D.     ISSUES

Alegria complains of the following:

1. The state refused to withdraw a blue warrant after he had discharged the sentence for the underlying offense;

2. The police executed a search warrant that was issued without probable cause;

3. His confession was coerced in violation of his right against self-incrimination;

4. He was denied the effective assistance of counsel before, during, and after trial; and

5. The state trial court failed to issue findings of fact and conclusions of law following its pretrial hearing on Alegria's motion to suppress.

E.     RULE 5 STATEMENT

---

[1] Alegria has filed a total of seven state applications for collateral relief, but only one application pertains to his 2003 conviction.

[2] A federal petition is deemed filed on the date the petitioner executed his petition and presumably deposited it in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998).

Respondent agrees that the petition is timely filed and that Petitioner has sufficiently exhausted available state remedies on the issues presented.

F. LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 1518, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. §2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). The state court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1).

G. DISCUSSION

1. Texas Board of Pardons and Parole

Alegria complains that, while jailed and awaiting trial in Cause No. 0805897 for possession of cocaine with intent to deliver, he was unlawfully detained pursuant to a blue warrant for alleged violations of his mandatory supervision related to three 1991 convictions.[3] Alegria complains that the Texas Board of Pardons and Parole violated due process guarantees, as well as the right to bail granted by the state constitution, by failing to withdraw the blue warrant in November 2002 after he discharged the concurrent sentences for his 1991 convictions.

Alegria attempted to raise a similar complaint in this court in a previous petition for writ of habeas corpus, which was denied on the basis that Alegria was not in custody pursuant to his 1991 convictions at the time he filed his petition in the federal district court. *Alegria v. Dretke*, No. 4:03-CV-363-A (N.D. Tex. Oct. 24, 2003). The Fifth Circuit agreed with the district court's determination that it lacked jurisdiction to consider Alegria's petition. *Alegria v. Dretke*, No. 03-11223 (5th Cir. Mar. 5, 2004).

A habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is filed. *See* 28 U.S.C. § 2254(a); *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 401, 121 S.Ct. 1567, 1572-73, 149 L.Ed.2d 608 (2001); *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). Alegria's concurrent sentences for his 1991 convictions expired almost five years before he filed his current federal petition, and he is in custody

---

[3] Alegria was convicted in 1991 of methamphetamine possession, marijuana possession, and kidnaping, with concurrent sentences of eight years' confinement in each case. He was paroled in 1992, but his parole was revoked in 1995. He was released on mandatory supervision in 1998, but his supervision was revoked six months later. Alegria was released on mandatory supervision for a second time on June 23, 2000, but a pre-revocation "blue warrant" was issued on August 21, 2000, on the basis of alleged violations of the conditions of his release. Alegria was arrested on February 20, 2001, on the new cocaine-related drug charges. *See Alegria v. Dretke*, No. 4:03-CV-363-A at 2 (N.D. Tex. Oct. 2, 2003)(Bleil, Mag. J.)(Findings, Conclusions and Recommendation).

now to serve out a sentence on his newest conviction. The district court has no jurisdiction to hear a challenge to early release proceedings that were related to Alegria's previous convictions.

In an effort to circumvent the fact that he is no longer in custody pursuant to his 1991 convictions, Alegria asserts that as a collateral consequence of the BPP's error he was unable to post bond,[4] which in turn prevented him from having an opportunity to retain counsel of his own choosing to represent him with respect to the new charges against him. To the extent Alegria is challenging his 2003 conviction, he satisfies the custody requirement; however, he must also demonstrate that his complaint has merit. The Sixth Amendment right to counsel in a criminal proceeding has been construed to include a criminal defendant's qualified right to retain counsel of the defendant's own choosing. *Newton v. Dretke*, 371 F.3d 250, 255 (5th Cir. 2004). The Sixth Amendment requires only that a defendant be given a fair or reasonable opportunity to retain counsel and does not guarantee an absolute right to the counsel of one's choice. *Id.*; *United States v. Paternostro*, 966 F.2d 907, 912 (5th Cir.1992).

After his arrest, Alegria declared under oath that he was without the means to employ an attorney and counsel was appointed to represent him. (Clerk's R. 9). He points to nothing in the record to indicate that he advised the state court of his desire to retain counsel for trial, and after he was convicted, he filed a handwritten motion to have counsel appointed to assist with his appeal. (Clerk's R. 84). *Cf. Texas v. Whittington,* 391 F.2d 905, 907 (5th Cir. 1968)(finding no denial of due process despite complaint that excessive bail prevented defendant from locating witnesses for his defense because he did not request lower bail, ask for continuance, or advise trial court that

---

[4] The docket sheets pertaining to Cause Number 0805897R reflect that the trial court set a bond of $20,000. (Clerk's R. 4, 7).

witnesses existed). Alegria's complaints about the "collateral consequences" of his pre-trial detention do not warrant habeas relief.

2. Fourth Amendment

Alegria complains that the police executed a search warrant for his residence that was issued without probable cause. More specifically, he argues that the magistrate signed the search warrant before reading the affidavit supporting issuance of a warrant. Because Texas courts provide a defendant with the opportunity for a full and fair hearing of Fourth Amendment issues, the federal courts are precluded from reviewing his complaint. *See Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Bridgers v. Dretke*, 431 F.3d 853, 861 (5th Cir. 2005).

3. Self-Incrimination

Alegria asserts that his confession was coerced by threats to arrest other members of his family and he complains that he was not given his *Miranda* warnings until he promised to tell the officers where the drugs were located and agreed to sign a confession of ownership. Once a suspect is in custody, any statements made during a custodial interrogation will not be admissible unless procedural safeguards were used to secure the privilege of self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).

Alegria provided a written confession in which he declared that he lived at the residence and that the cocaine that officers found in his pant leg belonged to him and no one else. The confession was an exhibit that was admitted and read to the jury during trial.[5] (5 Rep. R. 55-57; 8 Rep. R., State Ex. 3). The state habeas court found that Alegria had waived his complaints about the voluntariness

---

[5] Alegria filed an unsuccessful motion to suppress challenging the voluntariness of his confession, and the issue of the voluntary nature of his statement was also included in the jury charge. (Clerk's R. 46, 65-66).

of his confession and presented no evidence that his confession was involuntary or that *Miranda* warnings were not provided in a timely manner. (State Habeas Tr. 76, 78).

As a threshold matter, Respondent asserts that Alegria's claim is procedurally barred. The federal courts generally will not review a question of federal law decided by the state court if the decision of the state court rests upon grounds that are independent of the merits of the federal claim and adequate to support that judgment. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). But it is not clear that Alegria's complaint is procedurally barred. The procedural-default doctrine precludes federal habeas review when the last reasoned state-court opinion addressing a claim explicitly rejects it on a state procedural ground. *Ylst v. Nunnemaker,* 501 U.S. 797, 801, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004). The state court addressed both the procedural issues and the merits of Alegria's complaint without indicating that it was addressing the merits only in the alternative. Federal review is not barred.

The voluntariness of a confession is a mixed issue of law and fact. *Barnes v. Johnson*, 160 F.3d 218, 222 (5th Cir. 1998). Under the standards set forth by the AEDPA, for issues that are purely legal or mixed law and facts, the state court's determination of voluntariness must be respected so long as it was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. § 2254(d)(1); *Barnes*, 160 F.3d at 222. Any subsidiary factual determinations are entitled to a presumption of correctness. *See* 28 U.S.C. §2254(e)(1).

The state court found no evidence that Alegria was not given *Miranda* warnings in a timely manner or was coerced into confessing, and concluded that Alegria failed to prove that his

confession was involuntary. To demonstrate that a confession was involuntary, the petitioner must demonstrate that it resulted from coercive police conduct and there must be a link between the coercive conduct of the police and the confession of the defendant. *Colorado v. Connelly*, 479 U.S. 157, 163-65, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). The arresting officer testified that he read *Miranda* warnings (from a card he carries with him for that purpose) to Alegria before asking him if he was willing to talk about the investigation. (3 Rep. R. 23; 5 Rep. R. 46-47). The officer also denied threatening Alegria in any manner to coerce him into giving a statement. (3 Rep. R. 29-30, 58-59; 5 Rep. R. 55). Alegria's statements were reduced to writing at the end of the interview, and the officer estimated that the entire interview took about thirty minutes. (5 Rep. R. 47-48). Alegria signed a written acknowledgment of his *Miranda* warnings dated February 20, 2001, at the military time of "1701" hours, and he prepared a handwritten confession that same date at "1705" hours. (8 Rep. R., State Exs. 2, 3). Alegria has not met his burden to show that his confession was involuntary or that the state court's rejection of his claim reflects an unreasonable application of the law to the facts.

    4.    Ineffective Assistance of Counsel

Alegria contends that he was denied the effective assistance of counsel before, during, and after trial. Attorney William Ray was appointed to represent Alegria both at trial and on appeal, but Alegria complains that Ray failed to acquaint himself with the law and the facts of the case, should have withdrawn from the case, did not adequately attack the validity of the search warrant, and only raised one point of error on appeal.

The two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674

(1984). The first prong of *Strickland* requires the defendant to show that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The second prong requires the defendant to show prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. at 2068. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Id*. at 694, 104 S.Ct. at 2068. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d 674.

Alegria also complains of Ray's performance on appeal. Persons convicted of a crime are entitled to the constitutionally effective assistance of counsel in their first appeal as a matter of right. *See Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821 (1985). Appellate counsel's performance on appeal is judged under the same test that governs a review of trial counsel's performance. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000). *See generally Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984). In addition, claims of ineffective assistance are mixed questions of law and fact. *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070. Because the state court rejected Alegria's complaints about Ray's performance at trial and on appeal, the federal court cannot grant habeas relief unless the state court's decision involves an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d)(1).

Alegria raises a general complaint about Ray's failure to acquaint himself with the facts of the case, but does not identify in what respect Ray was ignorant of the facts. Mere conclusory

allegations in support of a claim of ineffective assistance of counsel do not raise a constitutional issue in a habeas corpus proceeding. *Alexander v. McCotter*, 775 F.2d 595, 602-03 (5th Cir. 1985); *Ross v. Estelle*, 694 F.2d 1008 (5th Cir. 1983). Ray submitted an affidavit in the course of the state habeas proceedings in which he asserted his familiarity with Alegria's case. Alegria admitted to him that the drugs were his and that he had consented to the search of the house, and that is what Alegria had told the police as well. (State Habeas Tr. 60). Nonetheless, Ray filed a motion to suppress both the drugs and the written confession. (State Habeas Tr. 59). Ray noted that Alegria wanted to delay the case so he could make bond after the parole warrant expired, and Ray had the case postponed several times for this reason. Ray advised his client to settle the case given the circumstances, but Alegria had refused. (State Habeas Tr. 60).

Alegria contends that effective trial counsel would have succeeded in having the search warrant declared invalid and the evidence suppressed because the search warrant was issued before the affidavit supporting its issuance was signed. Ray filed a motion to suppress on this basis, and at the suppression hearing, Ray pointed out the discrepancy between the time noted on the search warrant (2:12 p.m. on February 20, 2001) and the time noted on the supporting affidavit (2:14 p.m. on February 20, 2001). (3 Rep. R. 55-58). If taken as true, the times indicate that the search warrant was issued two minutes before a properly executed affidavit was presented to the state court judge. The magistrate who signed the search warrant, however, testified at the suppression hearing that his standard practice is to review the affidavit and have the affiant sign the affidavit under oath before he signs the search warrant. (4 Rep. R. 8). The officer who executed the supporting affidavit testified that this procedure was followed in obtaining the search warrant for Alegria's house. (3 Rep. R. 55-58). The magistrate did not remember Alegria's search warrant specifically, but thought

that the discrepancy was because he wrote the wrong time on the affidavit. (4 Rep. R. 10-12). Alegria has not demonstrated that defense counsel was deficient in challenging the timing of the issuance of the search warrant.

With respect to Ray's refusal to withdraw, Alegria wanted new counsel because he had asked Ray to file various motions in his criminal case and other matters in which Ray did not represent him, but Ray had refused. (State Habeas Tr. 68). Counsel is not required to engage in the filing of futile motions, and decisions regarding the filing of pretrial motions fall squarely within the ambit of trial strategy. *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). Alegria fails to demonstrate that Ray was constitutionally ineffective in this respect.

Alegria also complains that counsel was ineffective because the trial court did not comply with Article 38.22 of the Texas Code of Criminal Procedure by filing written findings of fact and conclusions of law concerning the voluntary nature of Alegria's confession. *See generally* TEX. CODE CRIM. PROC. art. 38.22, § 6 (Vernon 2005)(directing trial court to enter written findings and conclusions with respect to voluntariness of challenged confession). After the trial court denied the motion to suppress Alegria's written statement, Ray asked the court to make findings of fact and conclusions of law, and the court indicated that findings of fact and conclusions of law would be forthcoming. (4 Rep. R. 20). The trial court's failure to follow through does not render Ray's trial performance ineffective. Moreover, Alegria does not demonstrate what prejudice he suffered as a result. Alegria did not challenge the voluntary nature of his confession on direct appeal; therefore, the absence of findings of fact and conclusions of law on this issue was immaterial. And if Ray had renewed this complaint at the appellate court level, it appears that the remedy would be abatement of the appeal to allow the trial court to supplement the record, not reversal of any part of Alegria's

conviction or sentence. *See Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004); *Green v. State*, 906 S.W.2d 937, 940 (Tex. Crim. App. 1995); *Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987).

Alegria further complains that Ray was ineffective on appeal for raising only one point of error: Whether the affidavit in support of the search warrant established probable cause because the confidential informant was not shown to be credible and the information was stale. (State Habeas Tr. 60). Alegria complains of Ray's failure to appeal on the basis that search warrant was signed before the magistrate read the supporting affidavit and Ray's failure to appeal the determination that Alegria's confession was voluntary. A defendant has no constitutional right to compel appointed counsel to press even non-frivolous points requested by the client if counsel, as a matter of professional judgment, decides not to present those points. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983). Alegria has not demonstrated that a challenge to the voluntariness of his confession was a particularly strong basis for appeal in light of the written *Miranda* warnings he received and the arresting officer's unrebutted testimony at the suppression hearing. And as the state court found, there is no evidence that Alegria's argument about the magistrate's alleged failure to read the affidavit before signing the warrant would be any more successful on appeal than it was at the trial-court level. (State Habeas Tr. 77). The state court concluded that Alegria had not shown that Ray was deficient in failing to appeal every issue that was presented during the suppression hearing or that Alegria's appeal might have been successful had Ray raised more issues on appeal. (State Habeas Tr. 80).

Alegria has not demonstrated that his counsel acted in a constitutionally deficient manner at trial or on appeal, or that any errors by counsel were sufficiently prejudicial to undermine

confidence in the outcome of the trial or the appellate proceedings. Habeas relies is not appropriate because Alegria has failed to show that the state court's rejection of his complaints about counsel's performance is an unreasonable application of or contrary to clearly established federal law.

  5.  State Court Violations of State Law

Alegria complains of the state court's failure to issues written findings of fact and conclusions of law following the pretrial hearing on Alegria's motion to suppress. *See generally* TEX. CODE CRIM. PROC. art. 38.22, § 6 (Vernon 2005). Alegria's complaint is found on procedural requirements dictated by state law, but this claim is not cognizable in a § 2254 proceeding. *See Wainwright v. Goode*, 464 U.S. 78 (1983); *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975)(per curiam). The Supreme Court recognizes a constitutional right at some stage in the proceedings to object to the use of a confession and to have a fair hearing and a reliable determination on the issue of voluntariness. *Jackson v. Denno*, 378 U.S. 368, 376-77, 84 S.Ct. 1774, 1780-81, 12 L.Ed.2d 908 (1964). It appears that these protections were extended to Alegria, and therefore, no relief is necessary.

<u>RECOMMENDATION</u>

The petition for writ of habeas corpus should be denied.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until February 19, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until February 19, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED JANUARY 29, 2008.


   /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE